**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 12, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-51524
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN RODRIGUEZ CALDERON,

Defendant-Appellant.

---

consolidated with
No. 06-50264
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN CALDERON,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:99-CR-68-ALL
USDC No. 5:05-CR-2
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benjamin Rodriguez Calderon pleaded guilty, without a plea agreement, on April 25, 2005, to a four-count indictment charging him with uttering counterfeit checks in violation of 18 U.S.C. § 513(a). Rodriguez Calderon argues that the district court erred by imposing a two-level adjustment for sophisticated means under U.S.S.G. § 2B1.1(b)(9)(C). He argues that printing checks using a computer program available for purchase by anyone at a local office supply store, sending a check in the mail to purchase coins, and walking a check into a financial institution to open an account did not constitute sophisticated means. Even though certain aspects of Rodriguez Calderon's scheme were not sophisticated, the offense as a whole involved sophisticated means. See United States v. Clements, 73 F.3d 1330, 1340 (5th Cir. 1996). Rodriguez Calderon has failed to show that the district court erred in imposing a two-level increase based on his use of sophisticated means during the offense.

AFFIRMED.